# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Corrine Zervos, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 840 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Corrine Zervos, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Corrine Zervos ("Zervos"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer that she allegedly owed for a Capital One account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset Acceptance operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset Acceptance was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset Acceptance is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6. Defendant Asset Acceptance is authorized to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois.

7. Defendant Asset Acceptance is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Asset Acceptance acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Zervos is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Capital One. At some point in time after that debt became delinquent, Defendant Asset Acceptance

bought/obtained Ms. Zervos' Capital One debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, Defendant Asset Acceptance hired another debt collector, Firstsource Advantage ("Firstsource"), to demand payment of the Capital One debt from Ms. Zervos, by sending her a collection letter dated June 8, 2011. A copy of the June 8, 2011 letter is attached as Exhibit C.

10. Accordingly, on June 14, 2011, one of Ms. Zervos' attorneys at LASPD informed Defendant, through Asset Acceptance's agent, Firstsource, that Ms. Zervos was represented by counsel, and directed Defendant Asset Acceptance to cease contacting her, and to cease all further collection activities because Ms. Zervos was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant Asset Acceptance sent Ms. Zervos a collection letter, dated November 1, 2012, demanding payment of the Capital One debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on November 29, 2012, Ms. Zervos' LASPD attorney again sent Defendant a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Undeterred, Defendant Asset Acceptance sent Ms. Zervos another collection letter, dated December 1, 2012, demanding payment of the Capital One debt. A copy of this collection letter is attached as Exhibit G.

14. Accordingly, on January 15, 2013, Ms. Zervos' LASPD attorney sent Defendant another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Zervos' agent/attorney, LASPD, told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

20. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23. Defendant knew, or readily could have known, that Ms. Zervos was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Zervos was represented by counsel, and had directed a cessation of communications with Ms. Zervos.  By sending collection letters to Ms. Zervos, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Corinne Zervos, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Zervos, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Corinne Zervos, demands trial by jury.

                                                   Corinne Zervos,

                                                   By: /s/ David J. Philipps
                                                 One of Plaintiff's Attorneys

Dated: February 1, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com